Dear Mayor Mosca:
This office is in receipt of your request for an opinion of the Attorney General in regard to the validity of Harahan Ordinance No. 1046 pertaining to term limits in light of R.S. 33:383.1.
R.S. 33:383.1 provides as follows:
 The board of aldermen of the city of Harahan may enact an ordinance limiting the number of terms of office which any elected official of the municipality may serve to two consecutive terms in the same office. Any ordinance herein authorized shall become effective only after the question of such term limitation has been submitted to and approved by a majority of the qualified electors of the city of Harahan who vote on the proposition at a regularly scheduled primary or general election held in accordance with the Louisiana Election Code.
As you indicate Act 304 of 1993 enacting R.S. 33:383.1 was approved by the Governor on June 2, 1993, published in the Official Journal of the State on June 28, 1993 and the Secretary of State has stated that the effective date of statute was August 15, 1993. However, the City of Harahan adopted the ordinance limiting terms on August 5, 1993 which was signed by the Mayor on August 10, 1993. Therefore, Ordinance No. 1046 became law five days before the effective date of the statute which authorized the term limits of elected officials.
You ask under these circumstances whether Ordinance No. 1046 is legal.
"Effective Date of Laws" as set forth in Art. 3, Sec. 19 of the Louisiana Constitution is as follows:
 All laws enacted during a regular session of the legislature shall take effect on August fifteenth of the calendar year in which the regular session is held and all laws enacted during an extraordinary session of the legislature shall take effect on the sixtieth day after final adjournment of the extraordinary session in which they were enacted. All laws shall be published prior thereto in the official journal of the state as provided by law. However, any bill may specify an earlier or later effective date.
Inasmuch as we do not find that the bill specified a date to become effective, the effective date of R.S. 33:383.1 designated by the Secretary of State of August 15 is in accordance with the constitutional provisions.
However, despite the fact that the ordinance was enacted before the Act became effective, we do not find that the ordinance of the City of Harahan limiting terms for its elected official is invalid.
While a municipality is a creature of the state and has no power or authority except as conferred or delegated by the state, this office has observed in Atty. Gen. Op. 97-155 that "the Lawrason Act does not specifically prohibit term limit provisions for public officials". Accordingly, it was concluded that the proposed amendments of term limits for the offices of Mayor and Board of Trustees to the special legislative charter of New Iberia was consistent with the constitution and laws of the United States and of this state, "including the Lawrason Act".
Therefore, we find that the term limits became effective on August 10, 1993 despite the authority granted under R.S. 33:383.1 was not yet effective, having found no prohibition requiring the authority granted under R.S. 33:383.1 to permit such an ordinance.
We hope this sufficiently answers your inquiry.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr